# **EXHIBIT A**

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-00308-S5**
**2/16/2022 6:15 PM**
TIANA P. GARNER, CLERK

## AFFIDAVIT OF SERVICE

| Case: 22-C-00308-S5 | Court: Gwinnett County State Court, State of Georgia | | County: Gwinnett, GA | Job: 6580933 |
|---|---|---|---|---|
| Plaintiff / Petitioner: Philnelius Snow | | Defendant / Respondent: Charles Bailey Trucking, Inc.; Travis Hickey; And Travelers Indemnity Company Of Connecticut | | |
| Received by: CGA Solutions | | For: Witherite Law Group, LLC | | |
| To be served upon: Charles Bailey Trucking, Inc c/o Tony Keenan, Registered Agent | | | | |

I, Thomas David Gibbs III, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| | |
|---|---|
| Recipient Name / Address: | Tracy Stanley, 1385 Iris Dr NE, Conyers, GA 30013 |
| Manner of Service: | Registered Agent, Jan 20, 2022, 12:10 pm EST |
| Documents: | Summons, Complaint for Damages, Plaintiff's First Interrogatories, First Requests for Production of Documents, And First Requests for Admission to Defendant Charles Bailey Trucking, Inc. (Received Jan 19, 2022 at 12:47pm EST) |

**Additional Comments:**
1) Successful Attempt: Jan 20, 2022, 12:10 pm EST at 1385 Iris Dr NE, Conyers, GA 30013 received by Tracy Stanley. Age: 50-55; Ethnicity: Caucasian; Gender: Female; Weight: 300; Height: 5'5"; Hair: Blond;
,Agent designated by Tony Keenan to accept service

Subscribed and sworn to before me by the affiant who is personally known to me.

Thomas David Gibbs III

Date    1/23/22

CGA Solutions
723 Main Street
Stone Mountain, GA 30083
866-217-8581

Notary Public

Date    1/23/22

Commission Expires    12/27/2024

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

IN THE STATE COURT OF GWINNETT COUNTY DEC -3  AM 10: 15

STATE OF GEORGIA

TIANA P. GARNER, CLERK

IN RE: Permanent Process Servers

Case Number:    21 C 08487-2

## ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order up to and including January 4, 2023.

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this ___30___ day of ___NOV___, 20 _21_.

_____
Presiding Judge
Gwinnett County State Court

Applicant:

Name    Thomas David GIBBS III

Address  723 Main Street
         Stone Mountain, GA 30083
         404-484-2147

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-00308-S5**
**1/25/2022 5:42 PM**
TIANA P. GARNER, CLERK

**AFFIDAVIT OF SERVICE**

| Case: 22-C-00308-S5 | Court: Gwinnett County State Court, State of Georgia | County: Gwinnett, GA | Job: 6580933 |
|---|---|---|---|
| **Plaintiff / Petitioner:** Philnelius Snow | | **Defendant / Respondent:** Charles Bailey Trucking, Inc.; Travis Hickey; And Travelers Indemnity Company Of Connecticut | |
| **Received by:** CGA Solutions | | **For:** Witherite Law Group, LLC | |
| **To be served upon:** Travelers Indemnity Company Of Connecticut c/o Corporation Service Company, Registered Agent | | | |

I, Thomas David Gibbs III, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Alisha Smith, Corporation Service Company: 2 Sun Ct Suite 400, Peachtree Corners, GA 30092-2801
**Manner of Service:** Registered Agent, Jan 20, 2022, 10:39 am EST
**Documents:** Summons, Complaint for Damages, (Received Jan 19, 2022 at 12:47pm EST)

**Additional Comments:**
1) Successful Attempt: Jan 20, 2022, 10:39 am EST at Corporation Service Company: 2 Sun Ct Suite 400, Peachtree Corners, GA 30092-2801 received by Alisha Smith.
CSC Coordinator

Thomas David Gibbs III          Date 1/28/22

CGA Solutions
723 Main Street
Stone Mountain, GA 30083
866-217-8581

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public
Date 1/28/22          Commission Expires 12/17/2024

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

IN THE STATE COURT OF GWINNETT COUNTY 2021 DEC -3  AM 10: 15

STATE OF GEORGIA

TIANA P. GARNER, CLERK

IN RE: Permanent Process Servers

Case Number:

# 21 C 08487-2

## ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order up to and including January 4, 2023.

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this ___30___ day of ___NOV___, 20 _21_.

_____
Presiding Judge
Gwinnett County State Court

Applicant:

Name ___Thomas David Gibbs III___

Address ___723 Main Street___
___Stone Mountain, GA 30083___
___404-484-2147___

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-00308-S5
1/18/2022 12:11 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

PHILNELIUS SNOW;

     Plaintiff,

v.

CHARLES BAILEY TRUCKING, INC.;
TRAVIS HICKEY; and
TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT,

     Defendants.

CIVIL ACTION

FILE NO. _____
22-C-00308-S5

**JURY TRIAL DEMANDED**

---

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff PHILNELIUS SNOW ("Plaintiff"), by and through counsel, and files this Complaint for Damages, showing this Honorable Court as follows:

1.

This is an action for personal injury damages arising out of a motor vehicle collision that occurred on July 14, 2020, in Gwinnett County, Georgia.

### PARTIES, JURISDICTION, AND VENUE

2.

Plaintiff sustained personal injuries as a result of a motor vehicle collision that occurred at approximately 2:45 pm on July 14, 2020, in Gwinnett County, Georgia.

3.

Plaintiff is a citizen of Henry County, Georgia.

4.

Defendant Travis Hickey ("Hickey") resides at 7640 Old Mill Road, Baxter, Putnam County, Tennessee 38544, and may be served with a copy of the summons and complaint at this address.

**COMPLAINT FOR DAMAGES – Page 1**

5.

Hickey is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 40-12-1, known as Georgia's Non-resident Motorist Act. Hickey is also subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91, as Hickey committed a tortious act and/or omission within the State of Georgia.

6.

Once served with process, Hickey is subject to the jurisdiction and venue of this Court.

7.

Hickey was properly served with process in this civil action.

8.

Hickey was sufficiently served with process in this civil action.

9.

Hickey is subject to the jurisdiction of this Court.

10.

Defendant Charles Bailey Trucking, Inc. ("Bailey Trucking") is a foreign corporation with its principal place of business in a state other than Georgia and is a federal motor carrier authorized to transport goods for hire in interstate commerce by the Federal Motor Carrier Safety Administration. Bailey Trucking has a U.S. Department of Transportation Number 0325486.

11.

Bailey Trucking may be served with process by delivering a copy of the Summons and Complaint to its process agent designated to accept service of process in the State of Georgia under the Federal Motor Carrier Safety Regulations: Tony Keenan, 1385 Iris Drive NE, Conyers, Georgia 30013.

12.

Bailey Trucking may also be served with process by delivering a copy of the Summons and Complaint under the laws of the State of Tennessee upon its registered agent: Joy Buck Gothard, 190 S. Lowe Avenue, Cookeville, Tennessee 38501.

13.

Once served with process, Bailey Trucking is subject to the jurisdiction and venue of this Court.

14.

Bailey Trucking was properly served with process in this civil action.

15.

Bailey Trucking was sufficiently served with process in this civil action.

16.

Bailey Trucking is subject to the jurisdiction of this Court.

17.

Defendant Travelers Indemnity Company of Connecticut ("Travelers") is a foreign corporation with its principal place of business in a state other than Georgia and is authorized to transact business in the state of Georgia.

18.

At the time of the Subject Complaint, Bailey Trucking had automobile liability coverage for any damages that were caused through the negligent operation of the commercial motor vehicle that Hickey was operating at the time of the subject collision.

19.

The liability coverage for the collision described in this Complaint is being provided to Bailey Trucking through a policy of insurance issued by Travelers and further identified as Policy Number HE8409C58032ATCT19, which provides coverage to Bailey Trucking for any damages, including

bodily injury, that were caused through the negligent operation of the commercial motor vehicle that Hickey was operating at the time of the subject collision.

20.

Travelers is subject to the jurisdiction of this Court, pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140, because Travelers was the insurer providing liability coverage for the defendant motor carrier Bailey Trucking at the time of the collision described in this Complaint.

21.

Travelers may be served with the Summons and Complaint upon its registered agent: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

22.

Once served with process as described in this paragraph, Travelers is subject to the jurisdiction and venue of this Court.

23.

Travelers may also be served pursuant to O.C.G.A §§ 14-2-1510 and/or 33-4-3.

24.

Venue in the above-styled civil action is proper in this County and Court.

<u>FACTS</u>

25.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

26.

On or about July 14, 2020, at approximately 2:45 pm, Plaintiff was operating a blue 2012 Ford Fusion heading south on I-85 in Gwinnett County, Georgia.

27.

On or about July 14, 2020, at approximately 2:45 pm, Hickey was operating a red 2018 Peterbilt tractor-trailer heading south on I-85 in Gwinnett County, Georgia, in the lane adjacent to Plaintiff's vehicle.

**COMPLAINT FOR DAMAGES – Page 4**

28.

Hickey was operating the tractor-trailer in the course and scope of this employment with Bailey Trucking, and under Bailey Trucking's U.S. Department of Transportation and federal motor carrier authority.

29.

On or about July 14, 2020, at approximately 2:45 pm, Hickey's vehicle began to merge into Plaintiff's lane of travel.

30.

On or about July 14, 2020, at approximately 2:45 pm, the Bailey Trucking tractor-trailer was being operated by Hickey.

31.

On or about July 14, 2020, at approximately 2:45 pm, Hickey was unable to control the Bailey Trucking tractor-trailer.

32.

On or about July 14, 2020, at approximately 2:45 pm, Hickey failed to maintain his lane of travel.

33.

Suddenly and without warning to Plaintiff, Hickey crossed into Plaintiff's lane of travel.

34.

Hickey slammed the Bailey Trucking tractor-trailer into the driver's side of Plaintiff's vehicle, causing him to suffer injuries.

35.

At all times related to the subject collision, Plaintiff was acting in a reasonable and prudent manner.

36.

Defendants do not blame Plaintiff for causing or contributing to the cause of the subject collision.

37.

Defendants Hickey and Bailey Trucking are 100% at fault for causing the subject collision.

38.

No act or failure to act on the part of the Plaintiff caused or contributed to the cause of the subject collision.

39.

No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

40.

No act or failure to act on the part of the Plaintiff caused or contributed to the cause of Plaintiff's claimed injuries.

41.

No act or failure to act on the part of any third party caused or contributed to the cause of Plaintiff's claimed injuries.

42.

Defendants agree that they should fairly compensate Plaintiff for all injuries and damages that were caused by the subject collision.

43.

As a result of the collision, Plaintiff suffered serious and permanent injuries and damages.

**COUNT I: DIRECT ACTION AGAINST TRAVELERS INDEMNITY COMPANY OF CONNECTICUT**

44.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

45.

Travelers provided liability insurance for the driver and/or truck that was involved in the subject motor vehicle collision.

46.

Travelers agreed to provide insurance coverage to Bailey Trucking in consideration for the payment of insurance premiums.

47.

Travelers was transacting business in the State of Georgia and in Gwinnett County, Georgia on the date of the subject incident, and at all material times hereto, and is subject to the venue of this Court pursuant to O.C.G.A. § 33-4-1.

48.

Plaintiff, as a member of the public injured due to a common carrier's negligence, is a third-party beneficiary to that agreement.

49.

Pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140, Travelers is subject to this Direct Action.

## COUNT II: NEGLIGENCE OF CHARLES BAILEY TRUCKING, INC.

50.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

51.

At all times material hereto, Hickey was an employee of Bailey Trucking.

52.

At all times material hereto, Hickey was acting within the scope and course of his employment with Bailey Trucking.

53.

At all times material hereto, Hickey was driving under dispatch by Bailey Trucking and driving under Bailey Trucking's authority as a federal motor carrier.

54.

At all times material hereto, Hickey was authorized by Bailey Trucking to operate the tractor-trailer that was involved in the collision described in this Complaint.

55.

Bailey Trucking is liable for the negligent actions and omissions of Hickey pursuant to the doctrine of *respondeat superior*.

56.

Bailey Trucking was the owner of the vehicle operated by Hickey and is therefore liable for damages caused in this case.

57.

Bailey Trucking was also itself negligent in the following ways:

a.  Negligently hiring or contracting with Defendant Travis Hickey to drive the vehicle at issue;

b.  Negligently training Defendant Travis Hickey;

c.  Negligently entrusting Defendant Travis Hickey to drive the vehicle professionally;

d.  Negligently retaining Defendant Travis Hickey to drive the vehicle at issue;

e.  Negligently qualifying Defendant Travis Hickey;

f.  Failing to supervise Defendant Travis Hickey; and

g.  Otherwise failing to act as a reasonably prudent company under the circumstances.

60.

As a direct and proximate result of the negligence of Defendants Travis Hickey and Charles Bailey Trucking, Inc. in the ensuing collision, Plaintiff sustained severe and permanent injuries.

**COMPLAINT FOR DAMAGES – Page 8**

61.

Bailey Trucking is liable for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiff.

## COUNT III: NEGLIGENCE OF DEFENDANT TRAVIS HICKEY

62.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

63.

At all relevant times, Hickey owed the following civil duties to Plaintiff but violated those duties in the following ways:

a.  Failing to activate his turn signal;

b.  Failing to maintain his lane of travel;

c.  Failing to maintain proper control of his vehicle;

d.  Failing to keep a proper lookout for traffic;

e.  Failing to make reasonable and proper observations while driving;

f.  Failing to timely apply the brakes of his vehicle in order to avoid the collision in question;

g.  Failing to keep an assured safe distance from Plaintiff's vehicle;

h.  Failing to drive at a reasonable and prudent speed under the conditions;

i.  Failing to obey traffic laws;

j.  Operating a cellular mobile device while driving; and

k.  Otherwise failing to act reasonably and prudently as a driver should under the circumstances.

64.

Defendant was also negligent *per se* in that he violated a number of laws and regulations governing his operation of a vehicle, including:

a.  Entering or Crossing Roadway (O.C.G.A. § 40-6-73);

**COMPLAINT FOR DAMAGES – Page 9**

b.   Turning Movements; Signals Required on Turning, Changing Lanes, Slowing, or Stopping (O.C.G.A. §40-6-123);

c.   Driving on Roadways Laned for Traffic (O.C.G.A. § 40-6-48);

d.   Failing to Drive with Due Care (O.C.G.A. § 40-6-241);

e.   Failure to Drive Vehicle at a Reasonable and Prudent Speed Under the Conditions (O.C.G.A. § 40-6-180);

f.   Failing to Obey Traffic Laws (O.C.G.A. § 40-6-1); and

g.   Reckless Driving (O.C.G.A. § 40-6-390).

65.

As a result of Hickey's negligence, Plaintiff suffered severe and permanent injuries.

66.

As a direct and proximate result of the negligence and negligence per se of Hickey, Plaintiff has incurred and is entitled to recover special damages, including, but not limited to, past medical expenses in the amount of $75,839.87 and future medical expenses and past and future lost income and loss of earning capacity, and other miscellaneous expenses, in an amount that will be proved at trial. Plaintiff is also entitled to recover for his general damages, including past and future pain and suffering and related damages.

### COUNT IV: COMBINED AND CONCURRING NEGLIGENCE

67.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

68.

Bailey Trucking and Hickey acted in a manner which either alone, and/or combined and concurring with the actions of the acts of negligence described herein, directly and proximately caused the collision and Plaintiff's injuries.

69.

As a direct and proximate result of the negligence of the Bailey Trucking and Hickey, Plaintiff was physically injured, has suffered, and will continue to suffer pain, disability, loss of earning capacity, loss of enjoyment of life, anxiety, and related damages.

70.

As a direct and proximate result of the breaches of duty by Bailey Trucking and Hickey, Plaintiff is entitled to recover fair and full compensation for all injuries and damages that have been suffered as a proximate result of the collision and that will be suffered in the future as a result of the collision, including, without limitation, all special damages and compensatory damages, medical expenses, lost wages, and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain, mental and emotional suffering, shock of impact, disability, worry, anxiety, loss of enjoyment of life, loss of capacity to work, and other categories of damages provided for under the law.

## COUNT V: PUNITIVE DAMAGES

71.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

72.

The acts of Bailey Trucking and Hickey were willful, wanton, and/or demonstrated that entire want of care, which raises the presumption of a conscious indifference to consequences.

73.

Accordingly, Defendants are liable to the Plaintiff for punitive damages to punish, penalize, and deter Defendants from similar conduct in the future.

**WHEREFORE**, Plaintiff prays that the following relief be granted:

a.      A trial by jury;

b.      For Summons and Complaint to issue against each Defendant;

c.      For judgment against each Defendant to compensate Plaintiff for his past and future injuries and damages;

d.      For judgment against each Defendant for punitive damages as shown to be fair and appropriate at the trial of this case;

e.      Court costs, discretionary costs, and prejudgment interest; and

f.      For all such further and general relief which this Court deems just and proper.


Dated this 18th day of January, 2022.

WLG ATLANTA, LLC

*/s/ J. Martin Futrell*
J. MARTIN FUTRELL
GEORGIA STATE BAR NUMBER 450872
ATTORNEY FOR PLAINTIFF

600 PEACHTREE STREET NE, SUITE 1040
ATLANTA, GA 30308
TELEPHONE:    470-881-8806
FACSIMILE:    470-880-5095
E-MAIL:         MARTIN.FUTRELL@WITHERITELAW.COM

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

22-C-00308-S5

1/18/2022 12:11 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

PHILNELIUS SNOW;

    Plaintiff,

v.

CHARLES BAILEY TRUCKING, INC.;
TRAVIS HICKEY; and
TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT,

    Defendants.

CIVIL ACTION

FILE NO. _____ 22-C-00308-S5

**JURY TRIAL DEMANDED**

## PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUESTS FOR ADMISSION TO DEFENDANT CHARLES BAILEY TRUCKING, INC.

COMES NOW, PHILNELIUS SNOW ("Plaintiff"), by and through his counsel of record and pursuant to O.C.G.A. §§ 9-11-33, 9-11-34, and 9-11-36, hereby propounds the following Interrogatories, Request for Production of Documents, and Requests for Admission to Defendant Trucking Company Charles Bailey Trucking, Inc. ("Bailey Trucking") for response under oath pursuant to Rule 33, Rule 34, and Rule 36 of the Georgia Civil Practice Act and as required by law.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders,

invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.   "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.   (a)   "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)   "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.   "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical."  As used

here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same".  If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

5.   The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.  The term "**and/or**" shall be construed likewise.

6.   Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope:  (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

7.   With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

8.   "<u>**Subject Collision**</u>" means the collision described in the Complaint.

9.   "<u>**You**</u>", "<u>**Your**</u>", or "<u>**Bailey Trucking**</u>" means Defendant CHARLES BAILEY TRUCKING, INC.

10. "<u>**Hickey**</u>" means Defendant Driver TRAVIS HICKEY.

## <u>INTERROGATORIES</u>

**INTERROGATORY NO. 1.**   If you contend that Plaintiff has sued the wrong party or that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

**INTERROGATORY NO. 2.**   Identify each person Bailey Trucking expects to call as an expert

witness at trial including in your response a summary of each opinion the expert holds with regard to this case, the factual basis for each such opinion, a list of all documents and evidence of any kind provided to the expert for review and a list of all documents and evidence of any kind that support each opinion.

**INSURANCE**

**INTERROGATORY NO. 3.**   For each liability insurance policy that you had in place at the time of the Subject Collision, state the name of insurer; the policy number; the limits of coverage; the name(s) of all insureds; and whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case. Please note that this interrogatory is requesting information relating to ALL insurance coverage including excess coverage.

**VEHICLE INFO/DATA**

**INTERROGATORY NO. 4.**   Please provide the weight of the tractor at the time of the Subject Collision.

**INTERROGATORY NO. 5.**

a.      Identify all systems and devices in or on the tractor that have the capability of monitoring, capturing, recording and/or transmitting any video, data and/or communications of any kind (this includes, without limitation, any engine control module (ECM), event data recorder (EDR/CDR), airbag control module (ACM), Sensing Diagnostic Module (SDM), drive train or transmission control unit, brake control module, power steering unit, electronic onboard recorder (EOBR) Electronic Logging Device (ELD), Collision Avoidance System (CAS), Telematics system, Critical Event Reporting System, Lane Departure System, Dash Cam (or other video devices), GPS system, truck or trailer tracking system, system that allows communication between drivers and dispatchers, etc.);

b.      With respect to each system identified, explain what video, data and/or communications the system is capable of monitoring, capturing, recording and/or transmitting;

c.      With respect to each system identified, explain what video, data and/or communications have been downloaded and/or preserved in connection with the Subject Collision and if so when and by whom; and

d.      With respect to each system identified, explain what video, data and/or communications have NOT been downloaded and/or preserved in connection with the Subject Collision and explain why not and whether it is still possible to obtain this material.

**DRIVER INFORMATION**

**INTERROGATORY NO. 6.**   Explain the relationship between Bailey Trucking and Defendant Driver Travis Hickey ("Hickey") at the time of the Subject Collision including his employment status (e.g., leased driver, company driver, etc.), how he was compensated for driving (e.g., by the hour, by the load, by the mile, salary, or other) and when the relationship began and ended.

**INTERROGATORY NO. 7.**   If you maintain that Hickey was not acting within the course and scope of his employment or agency at the time of the Subject Collision, explain the basis for your contention and identify documents and witnesses that support your contention.

**INTERROGATORY NO. 8.**   Identify and explain all communications of any kind between Hickey and anyone acting for or on behalf of Bailey Trucking during the twenty-four (24) hours <u>before</u> and <u>after</u> the Subject Collision. For each communication, identify the method of communication (cell phone, QualComm, other), time of communication, persons involved, and the general subject.

**REGULATIONS AND POLICIES**

**INTERROGATORY NO. 9.**   Identify all Bailey Trucking policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect for Hickey at the time of the

Subject Collision.

**INTERROGATORY NO. 10.**  Identify all Bailey Trucking policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions and training applicable to Hickey regarding driving, defensive driving, turning, intersections, driver distraction and use of cell phones.

INVESTIGATION OF SUBJECT COLLISION

**INTERROGATORY NO. 11.**  Describe in detail when and how you first became aware that Hickey was involved in the Subject Collision including in your answer the identity of all persons involved in the investigation of the Subject Collision, their role and position and what information was conveyed.

**INTERROGATORY NO. 12.**  State whether you maintain that either Plaintiff or any non-party has any responsibility of any kind for causing the injuries and/or damages alleged in the Complaint and provide a detailed description of the basis for your position, including the identity of all person(s) who have any knowledge regarding this issue and/or all documents evidencing your position.

**INTERROGATORY NO. 13.**  Identify all persons who to your knowledge were present at the scene of the Subject Collision at any time in the forty-eight (48) hours after the Subject Collision and explain their role, why they were at the scene and what actions they took.

**INTERROGATORY NO. 14.**  Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision; and/or any claims or defenses raised in this action. The purpose of this Interrogatory is to identify all witnesses whom Bailey Trucking believes may have relevant testimony of any kind in connection with this case.

**INTERROGATORY NO. 15.**  Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the

Subject Collision and/or any person or vehicle involved in the Subject Collision.

**INTERROGATORY NO. 16.**  Did Bailey Trucking make any effort to perform any accident review, any avoidable/non-avoidable accident determination, any root cause analysis, any DOT reportability determination, or any type of investigation or analysis to discover the cause(s) or contributing cause(s) of the Subject Collision and/or to evaluate whether your driver should be disciplined for any action or inactions related to the Subject Collision? If so, please identify all person(s) involved, all documents and information reviewed, and all determinations.

<u>**MISCELLANEOUS**</u>

**INTERROGATORY NO. 17.**  Identify each person who was involved in responding to each of the Requests for Admission served upon you in this civil action.

**INTERROGATORY NO. 18.**  For each of Plaintiff's First Requests for Admission to Defendant Charles Bailey Trucking, Inc. that you did not admit without qualification, explain in detail the reason for your refusal to admit and identify all persons and documents that support your response.

## DOCUMENT REQUESTS

### GENERAL

**REQUEST NO. 1:**    A copy of each document utilized by you in any way in responding to Plaintiff's First Interrogatories to Defendant Charles Bailey Trucking, Inc.

**REQUEST NO. 2:**    A copy of each document retention policy in effect for Bailey Trucking at any time between the time of the Subject Incident and present.

**REQUEST NO. 3:**    A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Incident.

**REQUEST NO. 4:**    Copies of all reservation of rights letters and/or agreements regarding insurance coverage for the Subject Incident.

### DRIVER

**REQUEST NO. 5:**    All documents setting forth the relationship between Hickey and Bailey Trucking. This includes, but is not limited to, all leases, employment contracts, and independent contractor agreements and other contracts, agreements, memorandum, and the like.

**REQUEST NO. 6:**    The contents of Hickey' driver qualification file, driver investigation file, driver history file, and all documents that demonstrate compliance with federal and state driver qualification laws and regulations. The requested documents include, but are not limited to, all documents required by FMCSR, 49 CFR Part 391, and the state equivalent thereto. If any responsive documents have been removed from the driver qualification file, these should be produced nonetheless.

**REQUEST NO. 7:**    All documents of any kind that relate to any pre-employment background investigation of Hickey, including without limitation any investigation of Hickey' qualifications, character, driving history, training, criminal history, drug use, financial responsibility, medical conditions, health conditions, and/or any other matter relevant to employment with Bailey

Trucking. This specifically includes all data and information obtained through FMCSA's Pre-Employment Screening Program.

**REQUEST NO. 8:**    All documents that relate in any way to your recruiting of Hickey.

**REQUEST NO. 9:**    All documents that relate in any way to you hiring Hickey.

**REQUEST NO. 10:**    All documents that relate in any way to any orientation provided by Bailey Trucking to Hickey.

**REQUEST NO. 11:**    All documents that relate in any way to training of Hickey. This includes, but is not limited to, all documents that show all training received by Hickey, when, where, and who provided the training, and all materials used for training.

**REQUEST NO. 12:**    All quizzes, tests, and/or other assessments (questions and answers) ever given by or on behalf of Bailey Trucking to Hickey at any time. An answer key should also be provided.

**REQUEST NO. 13:**    Copies of all documents (a) explaining how Hickey was compensated for the one (1) month leading up to and including the date of the Subject Incident and extending one (1) week after the date of the Subject Incident; and (b) showing any detention of wages over the same time-period.

**REQUEST NO. 14:**    A copy of the front and back of every driver's license issued to Hickey (regardless of name used) in your possession, custody, and/or control.

**REQUEST NO. 15:**    All documents placing you on notice of any violation by Hickey of any law, ordinance, or regulation. This includes, but is not limited to, reports of violations pursuant to Section 391.27(a) of the Federal Motor Carrier Safety Regulations, as well as copies of citations, warnings, and inspection reports.

**REQUEST NO. 16:**    All documents relating to any and all blood, urine, hair, or other type of drug or alcohol testing of Hickey in your possession, custody, and/or control.

**REQUEST NO. 17:**   A copy of all documents relating to any violation of any safety rule or principle by Hickey at any time.

**REQUEST NO. 18:**   All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of Bailey Trucking directed to Hickey for the purpose of teaching, counseling, disciplining, correcting, or otherwise managing Hickey in any way relating to the safe operation of a commercial vehicle. This includes, but is not limited to, all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

**REQUEST NO. 19:**   A copy of all documents in your possession relating in any way to any motor vehicle collision and/or accident of any kind in which Hickey has been involved.

**REQUEST NO. 20:**   Copies of all documents relating to any complaint, criticism, or concern raised by any person or entity regarding the driving performance and/or safety of Hickey. This should include, but is not limited to, customer complaints and call-ins by motorists either to company directly or to any service (i.e., How's My Driving?  Call 800…).

**REQUEST NO. 21:**   For each communication device (e.g., cell phones, PDAs, smartphones, texting, and e-mailing devices, etc.) that was in the tractor that Hickey was operating at the time of the Subject Incident, produce all documents reflecting usage and billing for the time-period beginning forty-eight (48) hours before the Subject Incident and ending forty-eight (48) hours after the Subject Incident. This includes all devices, whether owned by Hickey or not, and whether it was in use at the time of the Subject Incident or not.

**REQUEST NO. 22:**   Copies of all documents prepared by Hickey that describes the Subject Incident or the circumstances leading up to the Subject Incident.

**REQUEST NO. 23:**   All documents evidencing any evaluation of the driving abilities, safety, and/or performance of Hickey that have not been produced in response to the preceding requests.

**REQUEST NO. 24:**   A complete copy of the contents of each and every file (whether maintained physically or electronically), regardless of what the file is called, regarding or addressing Hickey in any way, that has not been produced in response to other requests above.

**HOURS OF SERVICE-RELATED DOCUMENTS**

**REQUEST NO. 25:**   A copy of all Hickey' hours of service logs and any other driving logs and/or time sheets for the period beginning one hundred eighty (180) days before the Subject Incident and ending seven (7) days following the Subject Incident.

**REQUEST NO. 26:**   In addition to the documents responsive to the preceding request, produce all documents in your possession, custody, or control that demonstrate what Hickey was doing for the time-period beginning fourteen (14) days before the Subject Incident and ending two (2) days following the Subject Incident. The requested documents include all documents that a motor carrier division officer might use to audit the logs of this driver, including, but not but are not limited to:

    a.    All documents evidencing hours of service not produced above (e.g., daily logs and time sheets as well as log audits and letters regarding hours of service);

    b.    All documents that could be used to check the accuracy of Hours of Service logs and/or time sheets;

    c.    All documents related to trips (including driver's trip envelopes, trip reports, work reports, bills of lading, manifests, cargo documents of any kind, load documents of any kind, loading and unloading records of any kind, load detention records of any kind, freight bills, pick-up and delivery records of any kind, directions (e.g., routes to take), instructions (delivery notes, times, special handling), driver's trip check and settlement sheets, dispatch records, mileage reports, weight and scale records, and receipts for fuel, food, tolls, lodging, permits, repairs, and/or other purchases and expenses of any kind whether

reimbursable or not, final trip accounting documents and printouts, as well as any and all reports and/or summaries of any kind referencing the above information);

d.      All documents evidencing any and all stops; and

e.      All driver call in reports and any other documentation of any communications between you and Hickey.

**PLEASE NOTE – NOTHING IN THIS REQUEST SHOULD BE READ TO MEAN THAT PLAINTIFF IS NOT INTERESTED IN DEFENDANT MANTAINING ALL INFORMATION REGARDING ALL COMMERCIAL DRIVING ACTIVITIES FOR SIX MONTHS PRECEDING THE INCIDENT AT ISSUE AND SINCE THE INCIDENT AT ISSUE.  THESE MATERIALS SHOULD BE RETAINED IN THE EVENT THEY ARE REQUESTED.**

**REQUEST NO. 27:**    A copy of all audits and summaries of Hickey' hours of service covering the period beginning one (1) year prior to the Subject Incident and ending fourteen (14) days following the Subject Incident.

<u>VEHICLE INFORMATION</u>

**REQUEST NO. 28:**    For the tractor involved in the Subject Incident, produce the following documents:

a.      Title;

b.      Registration;

c.      Operators manual;

d.      Maintenance Schedules;

e.      All documents evidencing maintenance performed on the tractor at any time within 6 months before the Subject Incident;

f.      All documents evidencing any inspections of the tractor during the six (6) months before the Subject Incident;

g.      All documents evidencing any repairs and/or modifications to the tractor at any time within six (6) months before the Subject Incident;

h.      All documents evidencing any repairs made to the tractor as a result of the Subject Collision (including insurance submissions);

i.      All leases involving the vehicle;

j.      Documents evidencing the purchase of the vehicle;

k.      Documents evidencing the sale of the vehicle if it has been sold;

l.      Documents evidencing mileage and weight at time of the Subject Incident; and

m.      Copies of each and every logbook, ledger, file, or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 29:**   If any data is available (whether or not downloaded or retrieved) from the tractor or any part or system from the tractor (e.g., engine control module (ECM), event data recorder (EDR), Sensing Diagnostic Module (SDM), drive-train or transmission control unit, power steering unit, airbag module, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format. This request is intended to cover data for as long as it was recorded before during and after the Subject Incident.

**REQUEST NO. 30:**   If the tractor at issue was equipped with a lane departure warning system or collision warning system (e.g., VORAD), please produce the printout of the downloaded data and to the degree possible produce the data file in its original format.

**REQUEST NO. 31:**   Produce copies of all e-mails between Hickey and Bailey Trucking for the time-period beginning ninety (90) days prior to the Subject Incident and present.

**REQUEST NO. 32:**   Produce copies of all communications and transmissions between Hickey and Bailey Trucking that were transmitted through any system on-board of the tractor involved in the Subject Incident for the period beginning thirty (30) days before the Subject Incident and ending seven (7) days after the Subject Incident. This includes any and all satellite or cellular

systems, regardless of manufacturer, and includes, without limitation, all electronic on-board recorders (EOBRs) and  system such as those made available by Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet, and other transportation service and product providers.

**REQUEST NO. 33:**    If the tractor was equipped with any on-board audio or video recording or monitoring devices and/or any other driver or driver safety monitoring system, please produce everything that was retrieved or could be retrieved from such devices and systems.

**REQUEST NO. 34:**    To the degree that it has not been produced in response to other requests above, produce all data of any kind that was recovered from the tractor and/or anything inside or connected to any part or system of the tractor that were involved in the Subject Incident.

**REQUEST NO. 35:**    A copy of each out of service report or violation concerning the tractor involved in the Subject Incident from the period beginning one (1) year prior to the Subject Incident through present. This request includes any supplements, responses, amendments, and dispositions regarding any violation.

**REQUEST NO. 36:**    Produce all documents evidencing damage to any vehicle or other property as a result of the Subject Incident, including, but not limited to, repair estimates, appraisals, purchase invoices, repair bills, and checks or drafts reflecting payment for repair or replacement, and any other documents concerning or establishing the value of any item of property before or after the Subject Incident.

**REQUEST NO. 37:**    Produce all documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage, e.g., loan receipt(s), release(s), assignment(s), etc.

**REQUEST NO. 38:**    For the tractor involved in the Subject Incident, produce all the Driver Vehicle Inspection Reports (DVIR) from the period beginning six (6) months before the Subject Incident and ending one (1) week after the Subject Incident.

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUESTS FOR ADMISSION TO DEFENDANT CHARLES BAILEY TRUCKING, INC. – Page 14**

**REQUEST NO. 39:**   Produce all pre-trip inspection reports for the trip in question and three (3) months prior to the date of the Subject Incident for the tractor.

<u>L</u>OAD

**REQUEST NO. 40:**   All documents that relate to the load being hauled by Hickey at the time of the Subject Incident, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

<u>S</u>UBJECT <u>I</u>NCIDENT

**REQUEST NO. 41:**   A copy of every document related to any investigation done by or on behalf of Bailey Trucking of the scene of the Subject Incident.

**REQUEST NO. 42:**   All documents authored by anyone working for or on behalf of Bailey Trucking that set forth any facts relating to the Subject Incident.

**REQUEST NO. 43:**   All documents that explain what caused the Subject Incident.

**REQUEST NO. 44:**   All documents assessing preventability of and/or fault for the Subject Incident.

**REQUEST NO. 45:**   If the scene of the Subject Incident was mapped (with a total station or other survey equipment) within fourteen (14) days of the Subject Incident, please produce a copy of the survey data files and all diagrams produced therefrom.

**REQUEST NO. 46:**   Copies of all photographs, video, computer simulations, and any other documents depicting:

      a.     Any vehicle involved in the Subject Incident;

      b.     Any person involved in the Subject Incident;

      c.     The scene of the Subject Incident; and/or

      d.     Any evidence (roadway markings or other) relevant to the Subject Incident.

**REQUEST NO. 47:**   Copies of all reports (you know what this means and it is not vague) relating to the Subject Incident including those prepared by Hickey and those prepared by anyone working for or on behalf of Bailey Trucking (except lawyers).

**REQUEST NO. 48:**   A copy of all correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the Subject Incident.

**REQUEST NO. 49:**   All tapes and transcripts of conversations, interviews, and/or statements of any person who purports to know any facts or circumstances relevant to the issues of liability, comparative fault, causation, and/or damages in this case.

**REQUEST NO. 50:**   If an Accident Review Board or similar entity reviewed the Subject Incident, produce the following:

      a.      A copy of all documents (as defined) and other materials of any kind reviewed by said board or entity;

      b.      A copy of all reports and documents (as defined) of any kind generated by said board or entity;

      c.      Documents evidencing who was on the board;

      d.      Documents evidencing all criteria for review; and

      e.      Determination of preventability and all other conclusions reached by said board or entity.

### GOVERNMENTAL CONTACT AND INTERVENTION

**REQUEST NO. 51:**   Copies of all documents sent to or received from any governmental agency regarding the Subject Incident, the driver involved in the Subject Incident, or any subject that is part of the basis of this lawsuit.

**REQUEST NO. 52:**   Copy of all documents and communications of any kind related to any CSA Intervention against your company in the past two (2) years.

### POLICY AND PROCEDURES

**REQUEST NO. 53:**   Copies of all Bailey Trucking policies, procedures, rules, guidelines, directives, manuals, handbooks, and instructions that were in effect at the time of the Subject Incident, relating to:

      a.      Working for or with trucking company generally (e.g., employee manual or handbook);

      b.      Operation of any motor vehicle (e.g., driving manuals or handbooks, and the like);

      c.      Operation of a commercial vehicle;

      d.      Driving safety;

      e.      Defensive driving;

      f.      Compliance with federal and state laws and regulations;

      g.      Accident investigation;

      h.      Accident review boards;

      i.      Determination of preventability of accidents;

      j.      Hiring, training and supervising drivers; and

      k.      Disciplinary actions.

**REQUEST NO. 54:**   Copies of each document that Hickey signed to prove that Hickey received and/or agreed to be bound by any policies, procedures, rules, guidelines, and/or standards of Bailey Trucking.

**REQUEST NO. 55:**   To the degree that Bailey Trucking has any rules, policies, procedures, guidelines, driving manuals, employee handbooks, or manuals, or other similar documents that were not provided to Hickey before the Subject Incident, please produce them now.

**REQUEST NO. 56:**   A complete copy of, or in the alternative, access to, each driver safety training film, video, videotape, videocassette, audio cassette, computer program, simulator, and

driver diagnostic record or test maintained by your company, or used by Bailey Trucking, its personnel, agents, or employees during the year of the Subject Incident and three (3) years prior.

**REQUEST NO. 57:**    Copies of all industry and/or other guidelines and/or practices that you rely upon to support your contentions in this case.

T<small>RUCKING</small> C<small>OMPANY</small>

**REQUEST NO. 58:**    Copy of documents showing the hierarchy of managerial positions at Bailey Trucking and who occupied such positions as of the time of the Subject Incident and presently.

**REQUEST NO. 59:**    A copy of each document (including articles and presentations) prepared and/or presented by any Bailey Trucking representative relating to the safe operation of a commercial motor vehicle and/or the safe operation of a trucking company in the past five (5) years.

**REQUEST NO. 60:**    All company newsletters distributed during the time-period beginning two (2) years before the Subject Incident and present.

**REQUEST NO. 61:**    A copy of all lease and trip lease contracts applicable to Hickey and/or any vehicle involved in the Subject Incident.

**REQUEST NO. 62:**    Copies of any contract under which your company was operating the truck in question at the time of the Subject Incident.

**REQUEST NO. 63:**    A copy of Bailey Trucking's accident register maintained as required by 49 CFR § 390.35.

**REQUEST NO. 64:**    Transcripts or recordings of all depositions of corporate designees for Bailey Trucking given in the past five (5) years in cases where it was alleged that a driver working for Bailey Trucking caused injury or death to another person.

**REQUEST NO. 65:**    Copies of all documents putting any third party on notice of a claim arising from the Subject Incident

**REQUEST NO. 66:**   All correspondence and other communication of any kind between you and any other Defendant to this Action.

<u>MISCELLANEOUS</u>

**REQUEST NO. 67:**   With respect to each expert witness who may provide testimony at the trial of this case, provide:

      a.      A copy of all documents (as that term is defined above) and items of any kind produced **<u>to</u>** said expert;

      b.      A copy of all documents (as that term is defined above) and items of any kind generated or produced **<u>by</u>** said expert;

      c.      A copy of the entire file of said expert;

      d.      A current résumé or curriculum vitae for said expert; and

      e.      All billing records and work logs for said expert.

**REQUEST NO. 68:**   A copy of any and all documents and other materials which support any contention that the Subject Incident was the fault of anyone other than the Defendants.

**REQUEST NO. 69:**   Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 70:**   Produce each document or thing that you contend is evidence, proof, or support of your claims on any issue of negligence or causation as to the Subject Incident, including, but not limited to, admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**REQUEST NO. 71:**   Produce each document or thing that you contend evidences or supports your denial of any of Plaintiff's Requests for Admission.

**REQUEST NO. 72:**    If any surveillance has been undertaken by or on behalf of Bailey Trucking, produce a copy of all reports, photographs, video, and anything else generated through that investigation.

**REQUEST NO. 73:**    Produce all documents you have obtained through requests for production to non-parties.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1**    At the time of the Subject Collision, Bailey Trucking was the owner of a tractor involved in the Subject Collision.

**REQUEST NO. 2**    The DOT number for the tractor that was involved in the Subject Collision was 0325486.

**REQUEST NO. 3**    The MC-ICC number for the tractor that was involved in the Subject Collision was MC-198532.

**REQUEST NO. 4**    The VIN for the tractor that was involved in the Subject Collision was 1NPBGGGG10D236447.

**REQUEST NO. 5**    At the time of the Subject Collision, Hickey was an agent of Bailey Trucking.

**REQUEST NO. 6**    At the time of the Subject Collision, Hickey was an employee of Bailey Trucking.

**REQUEST NO. 7**    At the time of the Subject Collision, Hickey was acting within the course and scope of his employment with Bailey Trucking.

**REQUEST NO. 8**    At the time of the Subject Collision, Hickey was acting within the course and scope of his agency with Bailey Trucking.

**REQUEST NO. 9**    At the time of the Subject Collision, Hickey was operating the tractor owned by Bailey Trucking.

**REQUEST NO. 10**    At the time of the Subject Collision, Hickey was operating the tractor with the permission of Bailey Trucking.

**REQUEST NO. 11**    At the time of the Subject Collision, Hickey was operating the tractor with the knowledge of Bailey Trucking.

**REQUEST NO. 12**    At the time of the Subject Collision, Hickey was operating the tractor as trained by Bailey Trucking.

**REQUEST NO. 13**    Bailey Trucking is properly named in the Complaint.

**REQUEST NO. 14**    Venue is proper in this Court.

**REQUEST NO. 15**    Jurisdiction is proper in this Court.

**REQUEST NO. 16**    Service of process upon Bailey Trucking in this civil action was proper.

**REQUEST NO. 17**    Service of process upon Bailey Trucking in this civil action was legally sufficient.

**REQUEST NO. 18**    You are not asserting the defense of insufficiency of service of process.

**REQUEST NO. 19**    You are not asserting the defense of improper service of process.

**REQUEST NO. 20**    Hickey was the driver of Bailey Trucking's tractor that collided with vehicle number 2.

**REQUEST NO. 21**    Hickey was following too closely behind vehicle number 2.

**REQUEST NO. 22**    Hickey failed to maintain proper control of his truck at the time of the Subject Collision.

**REQUEST NO. 23**    At the time of the Subject Collision, Hickey failed to keep and maintain a proper lookout for traffic.

**REQUEST NO. 24**    Hickey was not paying attention to traffic like he should have been.

**REQUEST NO. 25**    Hickey gave a recorded statement to one (1) or more insurance companies that provided liability coverage for the truck that Hickey was driving at the time of the Subject Collision.

**REQUEST NO. 26**    Hickey had a mobile cellular device present inside his vehicle at the time of the Subject Collision.

**REQUEST NO. 27**    Hickey had more than one (1) mobile cellular device was present inside his truck at the time of the Subject Collision.

**REQUEST NO. 28**    Hickey was using at least one (1) mobile cellular device in his truck at the time of the Subject Collision.

**REQUEST NO. 29**     Hickey was using more than one (1) mobile cellular device inside his truck at the time of the Subject Collision.

**REQUEST NO. 30**     Hickey was using a mobile cellular device at the moment of impact with vehicle number 2.

**REQUEST NO. 31**     While at the scene of the collision, Hickey conversed with at least one (1) person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 32**     While at the scene of the collision, Hickey texted at least one (1) person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 33**     While at the scene of the collision, Hickey had a cellular mobile device or a camera that he could have used to take pictures of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 34**     While at the scene of the collision, Hickey took at least one (1) photograph of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 35**     While at the scene of the collision, Hickey took video recording(s) using a mobile cellular device of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 36**     While at the scene of the collision, Hickey took audio recording(s) of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 37**     No improper act of the Plaintiff caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 38**      No failure to act by Plaintiff caused or contributed to the cause of Subject Collision.

**REQUEST NO. 39**      No improper act or failure to act on the part of any third party to this action caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 40**      Hickey' neglect acts and/or omissions were the sole cause of the Subject Collision.

**REQUEST NO. 41**      Hickey' neglect acts and/or omissions were a contributing cause of the Subject Collision.

**REQUEST NO. 42**      No visual obstructions existed leading up to the Subject Collision that would have prevented Hickey from seeing vehicle number 2 in the one hundred (100) feet prior to the Subject Collision.

**REQUEST NO. 43**      No visual obstructions existed leading up to the Subject Collision that would have prevented Hickey from seeing vehicle number 2 in the two hundred fifty (250) feet prior to the Subject Collision.

**REQUEST NO. 44**      No visual obstructions existed leading up to the Subject Collision that would have prevented Hickey from seeing vehicle number 2 in the five hundred (500) feet prior to the Subject Collision.

**REQUEST NO. 45**      No visual obstructions existed leading up to the Subject Collision that would have prevented Hickey from seeing vehicle number 2 in the seven hundred fifty (750) feet prior to the Subject Collision.

**REQUEST NO. 46**      No visual obstructions existed leading up to the Subject Collision that would have prevented Hickey from seeing vehicle number 2 in the one thousand (1000) feet prior to the Subject Collision.

**REQUEST NO. 47**      The person answering these questions has authority from Bailey Trucking

to do so.

**REQUEST NO. 48**      At this time of the Subject Collision, Hickey was operating under the DOT authority of Bailey Trucking.

**REQUEST NO. 49**      At the time of the Subject Collision, Hickey was under dispatch by Bailey Trucking.

**REQUEST NO. 50**      At the time of the Subject Collision, Hickey was under the federal motor carrier authority of Bailey Trucking.

Dated this 18th day of January, 2022.


WLG ATLANTA, LLC


*/s/ J. Martin Futrell*
J. MARTIN FUTRELL
GEORGIA STATE BAR NUMBER 450872
ATTORNEY FOR PLAINTIFF

BANK OF AMERICA PLAZA
600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE:     470-881-8806
FACSIMILE:      470-880-5095
E-MAIL:          MARTIN.FUTRELL@WITHERITELAW.COM

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-00308-S5**

**1/18/2022 12:11 PM**

TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| PHILNELIUS SNOW;<br><br>    Plaintiff,<br><br>v.<br><br>CHARLES BAILEY TRUCKING, INC.;<br>TRAVIS HICKEY; and<br>TRAVELERS INDEMNITY COMPANY OF<br>CONNECTICUT,<br><br>    Defendants. | CIVIL ACTION<br><br>FILE NO. ___22-C-00308-S5___<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUESTS FOR ADMISSION TO DEFENDANT TRAVIS HICKEY

COMES NOW, Plaintiff PHILNELIUS SNOW ("Plaintiff"), by and through counsel of record and pursuant to O.C.G.A. §§ 9-11-33, 9-11-34, and 9-11-36, hereby propounds the following Interrogatories, Request for Production of Documents, and Request for Admission to Defendant Driver Travis Hickey ("Hickey") for response under oath pursuant to Rule 33, Rule 34, and Rule 36 of the Georgia Civil Practice Act and as required by law.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording.  The term includes material in all forms, including printed, written, recorded, or other.  The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.).  This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps,

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUESTS FOR ADMISSION TO DEFENDANT TRAVIS HICKEY – Page 1**

analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.      (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**Identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

        (b)      "**Identify**" with respect to any "**document**" or any reference to stating the "**Identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.      "**Subject Collision**" means the collision described in the Complaint.

5.      "**You**", "**Your**", or "**Hickey**" means Defendant Driver TRAVIS HICKEY.

6.      "**Bailey Trucking**" means Defendant CHARLES BAILEY TRUCKING, INC.

7.      "**<u>Similar</u>**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

8.      The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

9.      Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope:  (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

10.     With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## INTERROGATORIES

### YOUR BACKGROUND INFORMATION

INTERROGATORY NO. 1.    State your full name, address, date and place of birth, and social security number. If you have ever been known by any name(s) other than the one you identify, please state each such name and for each such name explain when you were known by that name, whether you had a separate social security number and/or drivers' license in that name and explain why you changed names or went by more than one name.

INTERROGATORY NO. 2.    For each driver's license you have had in the past seven (7) years, identify the state of issue, the date of issue, the number and whether or not it was a commercial drivers' license.

INTERROGATORY NO. 3.    Identify each address where you have lived in the past ten (10) years and provide the dates when you lived at each address.

INTERROGATORY NO. 4.    For each place you have worked (as an employee, independent contractor, leased driver, or otherwise) in the past fifteen (15) years, provide the following information: name of entity or person, for whom you worked; address; dates you worked there; job position; supervisor's name; and the reason you left.

INTERROGATORY NO. 5.    Identify each person you expect to call as an expert witness at trial including in your response a summary of each opinion the expert holds in regards to this case, the factual basis for each such opinion, a list of all documents and evidence of any kind provided to the expert for review and a list of all documents and evidence of any kind that support each opinion.

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUESTS FOR ADMISSION TO DEFENDANT TRAVIS HICKEY – Page 4**

INTERROGATORY NO. 6.    Identify all motor vehicle collisions that you have been involved in during the past fifteen (15) years and for each collision, describe what happened; where the collision occurred; the names of the other individuals involved; who was at fault; and whether there were any injuries.

INTERROGATORY NO. 7.    If you have been arrested, charged, warned and/or cited for any violation of any ordinance, law and/or regulation in the past ten (10) years or if you have ever been convicted at any time of a felony, for each arrest/charge/warning/citation/conviction, identify the charge, jurisdiction, date, and disposition. This includes all traffic violations, licensing violations, vehicle and/or driver inspection violations, and all violations of any criminal code and law.

INTERROGATORY NO. 8.    If you have ever been disqualified from driving a motor vehicle, please describe when and under what circumstances you were disqualified.

INTERROGATORY NO. 9.    Have you had any medical condition in the past five (5) years that could affect your ability to operate a motor vehicle (including without limitation any condition affecting vision, hearing, high or low blood pressure, epilepsy, sleep issues, diabetes, nervous system issues, endocrine system issues, motor skill issues, issues with sensory abilities, sleep apnea, etc.)? If so, describe in detail each condition, who has treated you for the condition, and the nature and dates of these treatments.

INTERROGATORY NO. 10.  Have you ever been involved in any lawsuit other than the present one (excluding domestic cases)? If so, explain whether you were a Plaintiff, Defendant, or witness and identify the style, jurisdiction, date, and nature of the lawsuit.

INTERROGATORY NO. 11.  Identify all training you have received in connection with operating a commercial motor vehicle, including courses taken to obtain your driver's license and training received since obtaining your driver's license.

<u>**INSURANCE**</u>

INTERROGATORY NO. 12.  For each liability insurance policy of any kind that does or may provide any coverage on behalf of any Defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case and/or that is providing you a defense, provide: name of insurer; policy number; limits of coverage; the name(s) of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

<u>**SUBJECT COLLISION**</u>

INTERROGATORY NO. 13.  Have you communicated with any person (other than your attorneys) in any way regarding the Subject Collision at any time including but not limited to giving any prepared statement or account of the events? If so, provide the details of any such communications, statements and accounts by explaining when, where, in what form, to whom the statement or account was given and the substance of your communication, statement, or account.

INTERROGATORY NO. 14.  Identify all person(s) who you to your knowledge have or may have any personal knowledge or information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision or; and/or any other incidents, claims, or defenses raised in this action. The purpose of this interrogatory is to identify all witnesses you believe may have relevant testimony of any kind in connection with this case.

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUESTS FOR ADMISSION TO DEFENDANT TRAVIS HICKEY – Page 6**

INTERROGATORY NO. 15.  If you maintain that either PLAINTIFF or anyone else not a party to this lawsuit has any responsibility of any kind for causing the Subject Collision, and/or for causing any of the damages alleged in Plaintiff's Complaint, describe in detail the basis for their responsibility and identify all person(s) who have any knowledge regarding this issue.

INTERROGATORY NO. 16.  If you consumed any alcoholic beverage, sedative, tranquilizer, stimulant, and/or other prescription and/or over-the-counter drug or medicine (whether legal or not) during the seventy-two (72) hour period immediately before the Subject Collision, identify the substance consumed, the amount consumed, the time and place of consumption and the purpose for the consumption.

### MISCELLANEOUS

INTERROGATORY NO. 17.  Provide your mobile phone carrier(s) and mobile phone number(s) existing at the time of the Subject Collision, and with respect to all of the phone calls you made on your cell phone on the date of the Subject Collision, please state: the time each call was placed; the time each call ended; the person or persons with whom you spoke on each call; the phone number of the person or persons with whom you spoke with on each call; the purpose for each call; and whether you were operating the tractor-trailer involved in the Subject Collision at any time during each call.

INTERROGATORY NO. 18.  With respect to the deliveries/trips that you were scheduled to make on the day of the Subject Collision, please identify: the name and address of the delivery/trip location(s); what was to be delivered; and the time the load was to be delivered or the trip was to be completed.

INTERROGATORY NO. 19.   Explain in detail where you were and what you were doing during the seventy-two (72) hours <u>immediately prior to</u> and the forty-eight (48) hours <u>immediately following</u> the Subject Collision. This response should include the time and location of each pick up, delivery and stop and the reason for each stop (e.g., load, unload, fuel, rest, meal, inspection, repair, other) as well as what you were doing when off duty. Identify all documents that evidence your response and all people who can substantiate your response.

INTERROGATORY NO. 20.  For the seventy-two (72) hours leading up to the Subject Collision, provide the amount of your driving hours, on-duty non-driving hours, locations during your on-duty non-driving hours, all stops you made and the reasons therefor, when and where your meals were eaten, when and where you slept and when you ingested any medications (prescription or over the counter) and the dosages.

INTERROGATORY NO. 21.  For each of Plaintiff's First Requests for Admission addressed to you that you did not admit without qualification, explain in detail the reason for your refusal to admit and identify all persons and documents that support your response.

## DOCUMENT REQUESTS

### GENERAL

**REQUEST NO. 1:**     All documents utilized by you in any way in responding to Plaintiff's First Interrogatories to Defendant Driver Travis Hickey.


**REQUEST NO. 2:**     Each liability insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Collision and/or if coverage was in dispute that was in place at the time of the Subject Collision.


**REQUEST NO. 3:**     A copy of each automobile insurance policy that you had in place at the time of the Subject Collision, which provided liability coverage for the operation of the tractor-trailer that was involved in the Subject Collision.


**REQUEST NO. 4:**      All documents that you have exchanged with any insurance company evidencing the subject collision.


**REQUEST NO. 5:**     All documents that you have exchanged with any insurance company evidencing a lack of coverage for the Subject Collision.


**REQUEST NO. 6:**     All reservation of rights letters and/or agreements regarding insurance coverage for the claims asserted against you arising from the Subject Collision.


**REQUEST NO. 7:**     All documents directly or indirectly provided to and received from any insurance company regarding your driving history, criminal history, claims history, training, and qualification to drive and/or your insurability for motor vehicle operations.

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUESTS FOR ADMISSION TO DEFENDANT TRAVIS HICKEY – Page 9**

**REQUEST NO. 8:**    All documents and driver training resources provided or made available to you directly or indirectly by any insurance company.

### DEFENDANT CHARLES BAILEY TRUCKING, INC.

**REQUEST NO. 9:**    All documents setting forth the relationship between you and Defendant Charles Bailey Trucking, Inc. ("Bailey Trucking"). This includes, but is not limited to, all leases, employment contracts, and independent contract agreements and other contracts, agreements, memorandum and the like.


**REQUEST NO. 10:**    All payroll records from any source during the sixty (60) days before and after the Subject Collision.


**REQUEST NO. 11:**    All documents in your possession that relate to your qualification to operate a commercial motor vehicle.


**REQUEST NO. 12:**    All documents that relate in any way to your training to operate a commercial motor vehicle.


**REQUEST NO. 13:**    A copy of the front and back of every driver's license issued to you (regardless of name used) in your possession, custody, and/or control.


**REQUEST NO. 14:**    Copies of all citations, warnings, and other documents alleging that you violated any law, ordinance, and/or regulation in the last five (5) years.


**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUESTS FOR ADMISSION TO DEFENDANT TRAVIS HICKEY – Page 10**

**REQUEST NO. 15:**    All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of Bailey Trucking directed to you for the purpose of teaching, counseling, disciplining, correcting, or otherwise managing you in any way relating to the safe operation of a commercial vehicle.

**REQUEST NO. 16:**    All documents relating in any way to any motor vehicle collision and/or accident of any kind in which you were involved in the past five (5) years.

**REQUEST NO. 17:**    All documents relating to any complaint, criticism, or concern raised by any person or entity regarding your driving performance and/or safety. This should include, but is not limited to, customer complaints and call-ins by motorists either to a company directly or to any service (i.e., How's My Driving?  Call 800…).

**REQUEST NO. 18:**    For each communication device (e.g., cell phones, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the truck that you were operating at the time of the Subject Collision, produce all documents reflecting usage and billing for the time-period time period beginning twenty-four (24) hours before the Subject Collision and ending twenty-four (24) hours after the Subject Collision. This includes all devices, whether owned by you or not, and whether it was in use at the time of the Subject Collision or not.

**REQUEST NO. 19:**    All of your personnel files and employment-related files in your possession.

**REQUEST NO. 20:**    All correspondence and other communication of any kind between you and any third party (other than your attorneys) evidencing to the Subject Collision.

**<u>SUBJECT COLLISION</u>**

**REQUEST NO. 21:**  All documents in your possession, custody, and/or control relating in any way to the Subject Collision.

**REQUEST NO. 22:**  All documents sent by you to any person or entity (other than your attorneys), regarding the Subject Collision and/or describing the Subject Collision.

**REQUEST NO. 23:**  All documents evidencing each investigation done by or on behalf of Defendants evidencing to the Subject Collision of the Subject Collision.

**REQUEST NO. 24:**  All documents that set forth any facts leading up to the Subject Collision.

**REQUEST NO. 25:**  All documents that explain what caused the Subject Collision.

**REQUEST NO. 26:**  All documents assessing preventability of and/or fault for the Subject Collision, as well as any documents created by any accident review board or other accident review process.

**REQUEST NO. 27:**  All photographs, video, computer simulations, and any other documents depicting:

      a.  Any vehicle involved in the Subject Collision;

      b.  Any person involved in the Subject Collision;

      c.  The scene of the Subject Collision; and/or

      d.  Any evidence (roadway markings or other) relevant to the Subject Collision.

**REQUEST NO. 28:**   All reports relating to the Subject Collision in your possession, custody, and/or control.

**REQUEST NO. 29:**   All correspondence and other communications (including e-mail) that you have had with any person other than your lawyers involving the Subject Collision.

**REQUEST NO. 30:**   All tapes and transcripts of conversations, interviews, statements, etc. of any witness, party, or any other entity whatsoever regarding any aspect of the Subject Collision, the injuries or damages resulting therefrom, or this lawsuit.

<u>GOVERNMENTAL CONTACT AND INTERVENTION</u>

**REQUEST NO. 31:**   Copies of all documents sent to or received from any governmental agency regarding the Subject Collision and/or your operation of a commercial motor vehicle within the past three (3) years.

<u>POLICIES AND PROCEDURES</u>

**REQUEST NO. 32:**   All handbooks and manuals provided to you by Bailey Trucking that were in effect at the time of the Subject Collision.

**REQUEST NO. 33:**   All policies, procedures, rules, guidelines, directives, and instructions ever given to you by Bailey Trucking.

<u>MISCELLANEOUS</u>

**REQUEST NO. 34:**   All documents and other materials which support any contention that the Subject Collision was the fault of anyone other than the Defendants.

**REQUEST NO. 35:**   All diagrams, graphs, illustrations, photographs, charts, pictures, models,

blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 36:**   All documents and things that you contend evidence, prove, and/or support your claims on any issue of negligence or causation as to the Subject Collision, including, but not limited to, admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**REQUEST NO. 37:**   If any surveillance has been undertaken by or on behalf of you, produce a copy of all reports, photographs, video, and anything else generated through that investigation.

**REQUEST NO. 38:**   Produce all documents that you have obtained in this case through nonparty requests for production and/or subpoena, including, without limitation, copies of Plaintiff's medical records and employment records.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1**      Hickey is a proper party to this lawsuit.

**REQUEST NO. 2**      Hickey was properly named in this case.

**REQUEST NO. 3**      Hickey was properly and sufficiently served with process in this civil action.

**REQUEST NO. 4**      Venue is proper in this Court as to you.

**REQUEST NO. 5**      Jurisdiction is proper in this Court as to Hickey.

**REQUEST NO. 6**      You are not asserting the defense of insufficiency of service of process.

**REQUEST NO. 7**      You are not asserting the defense of improper service of process.

**REQUEST NO. 8**      Hickey was an employee of Bailey Trucking at the time of the Subject
Collision.

**REQUEST NO. 9**      Hickey was an agent of Bailey Trucking at the time of the Subject Collision.

**REQUEST NO. 10**      Hickey was acting within the scope of his employment with Bailey Trucking
at the time of the Subject Collision.

**REQUEST NO. 11**      Hickey was acting within the scope of his agency with Bailey Trucking at
the time of the Subject Collision.

**REQUEST NO. 12**      Admit that you were the driver of the truck that collided with Plaintiff's
vehicle on or about July 14, 2020.

**REQUEST NO. 13**      Admit that you failed to maintain your lane of travel at the time of the
Subject Collision.

**REQUEST NO. 14**      Hickey failed to maintain proper control of his truck at the time of the
Subject Collision.

**REQUEST NO. 15**      At the time of the Subject Collision, Hickey failed to keep and maintain a
proper look out for traffic.

**REQUEST NO. 16**      Hickey was not paying attention to traffic like he should have been.

**REQUEST NO. 17**    At the time of the Subject Collision, Hickey did not see Plaintiff's vehicle next to him.

**REQUEST NO. 18**    Hickey gave a recorded statement to one (1) or more insurance companies that provided liability coverage for the truck that Hickey was driving at the time of the Subject Collision.

**REQUEST NO. 19**    Hickey had a mobile cellular device present inside his vehicle at the time of the Subject Collision.

**REQUEST NO. 20**    Hickey had more than one (1) mobile cellular device was present inside his truck at the time of the Subject Collision.

**REQUEST NO. 21**    Hickey was using at least one (1) mobile cellular device in his truck at the time of the Subject Collision.

**REQUEST NO. 22**    Hickey was using more than one (1) mobile cellular device inside his truck at the time of the Subject Collision.

**REQUEST NO. 23**    Hickey was using a mobile cellular device at the moment of impact with Plaintiff's vehicle.

**REQUEST NO. 24**    While at the scene of the collision, Hickey conversed with at least one (1) person about what happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 25**    While at the scene of the collision, Hickey texted at least one (1) person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 26**    While at the scene of the collision, Hickey had a cellular mobile device or a camera that he could have used to take pictures of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 27**     While at the scene of the collision, Hickey took at least one (1) photograph of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 28**     While at the scene of the collision, Hickey took video recording(s) using a mobile cellular device of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 29**     While at the scene of the collision, Hickey took audio recording(s) of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 30**     No improper act of the Plaintiff caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 31**     No failure to act by Plaintiff caused or contributed to the cause of Subject Collision.

**REQUEST NO. 32**     No improper act or failure to act on the part of any third party to this action caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 33**     Hickey's neglect acts and/or omissions were the sole cause of the Subject Collision.

**REQUEST NO. 34**     Hickey's neglect acts and/or omissions were a contributing cause of the Subject Collision.

**REQUEST NO. 35**     No visual obstructions existed leading up to the Subject Collision that would have prevented Hickey from seeing Plaintiff's vehicle in the five hundred (500) feet prior to the Subject Collision.

**REQUEST NO. 36**     No visual obstructions existed leading up to the Subject Collision that would have prevented Hickey from seeing Plaintiff's vehicle in the seven hundred fifty (750) feet prior to the Subject Collision.

**REQUEST NO. 37**      No visual obstructions existed leading up to the Subject Collision that would have prevented Hickey from seeing Plaintiff's vehicle in the one thousand (1000) feet prior to the Subject Collision.

       Dated this 18th day of January, 2022.


                      WLG ATLANTA, LLC


                      */s/ J. Martin Futrell*
                      J. MARTIN FUTRELL
                      GEORGIA STATE BAR NUMBER 450872
                      ATTORNEY FOR PLAINTIFF

BANK OF AMERICA PLAZA
600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE:   470-881-8806
FACSIMILE:   470-880-5095
E-MAIL:      MARTIN.FUTRELL@WITHERITELAW.COM

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-00308-S5
1/18/2022 12:11 PM
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

PHILNELIUS SNOW

PLAINTIFF

CIVIL ACTION NUMBER: 22-C-00308-S5

VS.

CHARLES BAILEY TRUCKING, INC.

c/o Registered Agent: Tony Keenan

1385 Iris Drive NE, Conyers, GA 30013

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

J. Martin Futrell
WLG Atlanta, LLC
Bank of America Plaza
600 Peachtree St. NE, Suite 4010
Atlanta, GA 30308

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20____. 19th day of January, 2022

TIANA P. GARNER

~~Richard T. Alexander, Jr.,~~
**Clerk of State Court**

By _____
**Deputy Clerk**

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-00308-S5**
**1/18/2022 12:11 PM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

PHILNELIUS SNOW

_____

_____

PLAINTIFF

CIVIL ACTION
NUMBER: 22-C-00308-S5 _____

VS.

TRAVIS HICKEY

7640 Old Mill Road

Baxter, TN  38544

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

J. Martin Futrell
WLG Atlanta, LLC
Bank of America Plaza
600 Peachtree St. NE, Suite 4010
Atlanta, GA 30308

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

This _____ day of 19th day of January, 2022 , 20____.

TIANA P. GARNER

~~Richard T. Alexander, Jr.,~~
**Clerk of State Court**

By _____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-00308-S5**
**1/18/2022 12:11 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

PHILNELIUS SNOW
_____

_____

_____

PLAINTIFF

CIVIL ACTION
NUMBER: **22-C-00308-S5**
_____

VS.

TRAVELERS INDEMNITY COMPANY OF CONNECTICUT

c/o Registered Agent: Corporation Service Company

2 Sun Court, Suite 400, Peachtree Corners, GA 30092

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

J. Martin Futrell
WLG Atlanta, LLC
Bank of America Plaza
600 Peachtree St. NE, Suite 4010
Atlanta, GA 30308

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20____.

19th day of January, 2022

TIANA P. GARNER

~~Richard T. Alexander, Jr.,~~
**Clerk of State Court**

By_____

**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**